# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-718V
Filed: January 26, 2015
Not For Publication

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ELLEN CORRIVEAU,

   Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

   Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Damages Decision Based on Proffer; Influenza; Shoulder Injury Related to Vaccine Administration (SIRVA)

John Robert Howie, Jr., Howie Law, P.C., Dallas, TX for petitioner.
Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

  On August 8, 2014, Ellen Corriveau filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that Ms. Corriveau suffered a left shoulder injury as a result of the administration of an influenza ("flu") vaccination on August 16, 2011. (Petition at p. 1.)

  On November 21, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation. (*See* Ruling on Entitlement (ECF No. 18).) On January 26, 2015, respondent filed a proffer on award of compensation ("Proffer") detailing compensation for all elements of compensation to which petitioner would be entitled under § 300aa-15(a)(1); -15(a)(3)(A); and -15(a)(4). According to respondent's Proffer, petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

agrees to the proposed award of compensation.  Pursuant to the terms stated in the attached Proffer, **I award petitioner:**

**A lump sum payment of $101,445.22 in the form of a check payable to petitioner, Ellen Corriveau.**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**s/Denise K. Vowell**
**Denise K. Vowell**
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| ELLEN CORRIVEAU, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 14-718V |
| | ) | Chief Special Master Vowell |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | ECF |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Compensation for Vaccine Injury-Related Items**

Respondent proffers that, based on the evidence of record, petitioner should be awarded $101,445.22.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4).   Petitioner agrees.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

  A.  A lump sum payment of $101,445.22 in the form of a check payable to petitioner, Ellen Corriveau.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult.   Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/Traci R. Patton
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 146
Washington, D.C. 20044-0146
Tel.:   (202) 353-1589

DATE:   January 26, 2015